The Honorable John Bynum Prosecuting Attorney Fifth Judicial District 312 West 2nd, P.O. Box 1587 Russellville, Arkansas 72801
Dear Mr. Bynum:
This is in response to your request for an opinion on whether Johnson County can restrict dumping at the county landfill to only that refuse generated in Johnson County. Specifically, you note that on April 12, 1989, Johnson County passed Resolution No. 77, which provides in pertinent part:
 It is hereby decreed to be the policy of Johnson County to accept, at the Johnson County Landfill, trash, garbage and other refuse, generated in Johnson County only. The Landfill shall not accept refuse of any kind from outside of Johnson County.
For the reasons that follow, it is my opinion that the answer to your questions is "yes".
The general subject of your question has prompted several recent opinion requests. I have enclosed copies of Opinion Nos. 89-024
and 89-180, which outline the general parameters of the law regarding restriction of the flow of solid waste. Opinion 89-024
concludes that a proposed state bill placing stringent regulations on solid waste which is transported more than one hundred miles violates the Interstate Commerce Clause. Opinion No. 89-180
concludes that a county ordinance which over a set time-schedule, prohibits the importation of solid waste generated from outside the county, is constitutionally suspect under commerce clause analysis.
Each opinion notes that an exception has been recognized in cases where the legislative body regulates only a public facility, and does not in any manner attempt to restrict the activities of private enterprises. The concept is explained in Opinion No.89-024 at footnote 2, as follows:
 The `market participant' theory excludes governmental action from the strictures of the commerce clause when the governmental body is acting in a proprietary fashion, as a `market participant' regulating access to public facilities rather than private ones.
It is my opinion that the facts of your question fall within the exception of the "market participant" theory. Under Resolution 77, the county only seeks to restrict the solid waste acceptable at the COUNTY LANDFILL. The resolution in no way regulates private landfills in the county.
Opinion No. 89-024, in note 2, recognizes, however, a potential problem with the implementation of the "market participant" theory in the context of landfill space. It is noted in that opinion that the United States Supreme Court in REEVES v. STAKE, 447 U.S. 429
(1980), has intimated that a landfill is a natural resource which states may not "hoard". The Court in REEVES was faced with the question of whether the State of South Dakota could, in times of shortage, confine its sales of state-produced cement to South Dakota residents. The Court first cited the language of the District Court opinion striking down the practice as violative of the commerce clause:
 If a state in this union, were allowed to hoard its commodities or resources for the use of their own residents only, a drastic situation might evolve. For example, Pennsylvania or Wyoming might keep their coal, the northwest its timber, and the mining states their minerals. The result being that embargo may be retaliated by embargo and commerce would be halted at state lines.
447 U.S. at 443.
The court then discounted this finding, noting:
 This argument, although rooted in the core purpose of the Commerce Clause, does not fit the present facts. Cement is not a natural resource, like coal, time, wild game, or minerals. CF. HUGHES v. OKLAHOMA, 441 U.S. 322, 60 L.Ed.2d 250, 99 S. Ct. 1727 (1979) (minnows); PHILADELPHIA v. NEW JERSEY, SUPRA (LANDFILL SITES); PENNSYLVANIA v. WEST VIRGINIA, 262 U.S. 553, 67 L.Ed. 1117, 43 S. Ct. 658, 1 Ohio L. Abs. 627, 32 ALR 300 (1923) (natural gas). . . . [Emphasis added.]
This language from REEVES, however, has not daunted other lower federal courts from applying the "market participant" theory to landfills. The court in EVERGREEN WASTE v. METROPOLITAN SERVICE DIST., 643 F. Supp. 127 (D.Ore. 1986), AFF'D ON OTHER GROUNDS,820 F.2d 1482 (9th Cir. 1987), responded to the language from Reeves as follows:
 I do not follow this language here. The Court in CITY OF PHILADELPHIA noted that it had not examined the market participant issue. CITY OF PHILADELPHIA dealt with a statute that closed New Jersey's borders to all garbage from outside the state. New Jersey in effect hoarded all land available for landfill. Here, noting prevents private operators from purchasing land in the District and developing it for landfill. Nor has Evergreen argued that the District owns all the potential landfill sites within its borders, or that other sites cannot be developed.
643 F. Supp. at 132.
The court in Evergreen noted further that:
I agree with the District that a complex metropolitan landfill operation is not a natural resource to which commerce clause scrutiny should apply. Like the cement plant in REEVES, INC. the District has developed a complex plant. The District is not hoarding raw land, it is providing a public service to its residents.
643 F. Supp. at 132.
Additionally, the court in SHAYNE BROS. INC. v. DISTRICT OF COLUMBIA, 592 F. Supp. 1128 (D.D.C. 1984) held:
 The District is expending a public resource, as much so as the money in its treasury of the services of its police, firefighters and teachers, albeit upon terms which prefer its citizens over others, and that is precisely what the Supreme Court has thrice now held that a state is entitled to do without offending the Commerce Clause.
592 F. Supp. at 1134. SEE ALSO, COUNTY COMMISSIONERS OF CHARLES COUNTY, v. STEVENS, 299 Md. 203, 473 A.2d 12 (1984).
It is thus my opinion, in light of the authorities above, and although there is not a definitive pronouncement by the U.S. Supreme Court on the question, that Johnson County is acting as a "market participant" under Resolution 77, and thus is not foreclosed from the authority to adopt the Resolution by the Interstate Commerce Clause of the United States Constitution.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.